IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY J. FREEMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:26-cv-581-JTA |
| | ) | (WO) |
| GEICO CASUALTY COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Before the Court[1] is the motion to remand filed by Plaintiffs Bobby J. Freeman and Regina L. Freeman. (Doc. No. 15.) For the reasons stated below, the motion is due to be denied.

## I. JURISDICTION

Defendants GEICO Casualty Company and Tom McNicholas removed this action from the Circuit Court of Lee County, Alabama, based on diversity jurisdiction. (Doc. No. 1 at 1 (citing 28 U.S.C. §§ 1332, 1441, 1446).)[2] The parties are completely diverse.[3] (*Id.* at 4–5.) The parties contest the amount in controversy.

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. No. 14.)

[2] Diversity jurisdiction exists in civil actions filed between the citizens of different states and the amount in controversy exceeds $75,000, excluding interests and costs. 28 U.S.C. § 1332(a).

[3] According to the rule of complete diversity, no plaintiff may share the same state citizenship with any defendant. *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).

## II. FACTUAL ALLEGATIONS

This action arises out of GEICO's refusal to cover a loss to Plaintiffs' 2020 Grand Design Solitude fifth wheel recreational vehicle ("RV"). (Doc. No. 1-2.) According to the complaint, in 2025, Plaintiffs maintained a GEICO insurance policy for several of their vehicles, including their RV. (*See id.* at 3.) On June 11, 2025, "Regina Freeman contacted GEICO by phone to remove and cancel coverage for only Plaintiffs' truck and sport utility vehicle because those vehicles were being switched to a Progressive policy." (*Id.*) Regina "Freeman did not cancel the RV's coverage," nor did she "authorize GEICO to remove the RV from" the policy. (*Id.*) After Regina Freeman's call, "GEICO provided documentation confirming removal of the truck and sport utility vehicle, but did not provide documentation confirming removal and cancellation of the RV." (*Id.* at 4.) GEICO notified neither Plaintiffs nor their RV's lienholder that it had canceled and removed the RV coverage from the policy. (*Id.*)

On September 2, 2025, Plaintiffs' RV "sustained damage . . . in Dawson, Georgia[,] when it struck a height overhang." (*Id.* at 3.) "A responding police officer's insurance check at the scene of the loss . . . showed GEICO insurance on the RV under [Plaintiffs'] policy number." (*Id.* at 4.) The repair estimate for the loss totaled $64,362.28. (*Id.*)

"Plaintiffs promptly reported the loss to GEICO." (*Id.* at 3.) In response, "GEICO informed Plaintiffs that they did not have RV insurance/coverage for the RV" because "Plaintiffs allegedly cancel[led] the policy before the loss date" and "removed [the RV]

from the combined policy." (*Id.* at 4.) Yet, "[a]s of September 20, 2025, the lienholder, U.S. Bank, had not been informed of cancellation of the RV coverage."[4] (*Id.*)

"Plaintiffs sought information from GEICO regarding the alleged cancellation, including requesting to hear the recording of the call with . . . Regina Freeman." (*Id.*) GEICO told Plaintiffs "the recording of the phone call would have to be obtained by subpoena." (*Id.*) While attempting to determine the status of the RV's GEICO coverage, "Plaintiffs were transferred among multiple GEICO representatives and received inconsistent statements about whether coverage existed." (*Id.*) GEICO's "experienced[5] RV General Manager," Defendant Tom McNicholas, "falsely promised [coverage] could exist through reinstatement."[6] (*Id.*) Subsequently, "GEICO issued a verification-of-coverage document dated November 5, 2025, listing RV coverage[] for the RV and identifying U.S. Bank as the lienholder." (*Id.*)

On November 21, 2025, "Plaintiffs sent GEICO a written demand . . . requesting that GEICO perform a full inspection and arrange payment for the loss, requesting a certified copy of the policy and claim materials, and demanding preservation of claim and policy communications and recordings." (*Id.* at 4–5.) "GEICO refused to [provide] the recording or issue payment," and it denied the claim. (*Id.* at 5.) GEICO continues to

---

[4] As of September 24, 2025, Plaintiffs' outstanding balance with the RV's lienholder was $62,131.53. (Doc. No. 1-2 at 4.) "Plaintiffs have gap insurance." (*Id.*)

[5] McNicholas has worked for GEICO for over twenty-seven years. (Doc. No. 1-2 at 2.)

[6] The complaint vaguely suggests, but does not expressly assert, that Plaintiffs paid to reinstate the policy in reliance on McNicholas's false assurance that they could retroactively reinstate coverage. (Doc. No. 1-2 at 7.)

maintain "the RV was not covered on September 2, 2025, due to the cancellation and removal of coverage." (*Id.*)

## III. PROCEDURAL HISTORY

Plaintiffs filed this action on June 8, 2026, in the Lee County Circuit Court asserting the following claims:

- Count I: a breach-of-contract claim against GEICO for failure to provide coverage benefits and failure to adjust and pay the loss;
- Count II: a breach-of-contract claim against GEICO for improper cancellation of the policy and failure to provide cancellation notice;
- Count III: a claim for fraudulent misrepresentation against GEICO and McNicholas for providing "contradictory and false information regarding whether RV coverage existed . . . and then being told by" Defendants "that coverage would exist if the policy was reopened and backdated, which Plaintiffs followed and was untrue;"
- Count IV: a claim for fraudulent suppression against Defendants for failing to disclose GEICO had canceled the RV's coverage;
- Count V: a claim for both negligence and wantonness against Defendants for failure to exercise reasonable care in processing Plaintiffs' coverage cancellation request for specific vehicles, and for failure to respond timely to Plaintiffs' requests for proof and documentation of the alleged cancellation; and
- Count VI: a claim for bad faith refusal to pay and a claim for bad faith refusal to investigate Plaintiffs' loss.

(Doc. No. 1-2 at 5–10.)

In a section of the complaint entitled "JURISDICTION AND VENUE," Plaintiffs state: "The amount due to Plaintiffs, inclusive of costs and fees, is under $75,000.01." (*Id.* at 3.) In full, Plaintiffs seek the following relief:

1. A declaratory judgment against GEICO declaring the rights and obligations of the parties under the policy, pursuant to Ala. Code § 6-6-223, including a declaration that GEICO RV coverage existed on September 2, 2025, and that any purported cancellation/removal of RV coverage was illegal and ineffective.

2. Further relief against GEICO necessary and proper to effectuate the declaratory judgment pursuant to Code of Ala. § 6-6-230.

3. Compensatory damages against GEICO for breach of contract in an amount to be proven at trial, including policy benefits for the RV loss, including damages reflected by the $64,362.28 estimate, or such other measure applied under the policy, for an amount under $75,000.01.

4. Compensatory, consequential, and punitive damages against GEICO and GEICO's RV General Manger Tom McNicholas for Plaintiffs' tort damages.

5. Prejudgment and post-judgment interest.

6. Costs and fees as allowed under the law against all defendants.

7. Such other fair and just relief.

(Doc. No. 1-2 at 10.)

On July 17, 2026, Defendants removed the action to this court, alleging diversity jurisdiction. (Doc. No. 1.) Thereafter, Plaintiffs filed a motion to remand. (Doc. No. 15.) Defendants filed responses, and Plaintiffs filed replies. (Docs. No. 22, 23, 27, 28.) The motion to remand is ready for disposition.

## IV. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). They only have the power to hear cases the Constitution or the Congress of the United States authorizes them to hear. *See Kokkonen*, 511 U.S. at 377.

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). Thus, a lawsuit filed in state court may be removed to federal court based on either diversity jurisdiction or federal question jurisdiction.[7] *See Pacheco DePerez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

The removing party has the burden of establishing this Court has subject matter jurisdiction over an action. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996) (noting the party seeking removal to federal court has the burden of establishing federal jurisdiction). In diversity cases, if the complaint contains no demand for damages below the jurisdictional minimum, or if state law "permits recovery of damages in excess of the amount demanded," the removing party need only establish the amount in controversy "by a preponderance of the evidence." 28 U.S.C. § 1446(c)(2)(A)(ii), (B). In satisfying the preponderance of the evidence standard, a defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Nonetheless, mere speculation or a guess as to the amount in controversy is impermissible. *Id.* "A defendant may submit affidavits, depositions, or other evidence to support removal." *Lott v. Metro. Life Ins. Co.*, 849 F. Supp. 1451, 1452 (M.D. Ala. 1993) (citation omitted). Because federal court jurisdiction is limited, "uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

---

[7] Federal question jurisdiction exists if the suit arises under "the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

## V. DISCUSSION

In this case, the propriety of removal turns on the amount in controversy. In the section of Plaintiffs' complaint titled "JURISDICTION AND VENUE," Plaintiffs assert: "The amount due to Plaintiffs, inclusive of costs and fees, is under $75,000.01." (Doc. No. 1-2 at 3). Plaintiffs contend this assertion settles the dispute. Defendants respond that the face of the complaint, taken as a whole, establishes the total amount of damages is greater than the jurisdictional threshold. The Court agrees with Defendants.

To meet their jurisdictional burden, Defendants must prove by a preponderance of the evidence that the complaint places at issue damages exceeding $75,000.00.[8] *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) ("'The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.'" (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008))). Defendants offer no extrinsic evidence. Therefore, to find the relevant jurisdictional facts, the Court looks to the allegations, claims, and damages demanded in the complaint. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) ("If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." (citation omitted)). In so doing, the Court "is not bound by [Plaintiffs'] representations regarding [their] claim[s], nor must it assume [Plaintiffs

[8] Alabama law allows Plaintiffs to recover more than the amount specifically demanded in the complaint. Ala. R. Civ. P. 54(c); *Breland v. Ford*, 693 So. 2d 393, 397 (Ala. 1996). Consequently, the sum demanded in the complaint is not automatically determinative. 28 U.S.C. § 1446(c)(2).

are] in the best position to evaluate the amount of damages sought." *Id.* (citation omitted). Furthermore, using "judicial experience and common sense," the Court is entitled to "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Id.* at 1061–62 (quoting *Pretka*, 608 F.3d at 754).

Here, in addition to a jurisdictional allegation that the amount "due" Plaintiffs is less than $75,000.01, the complaint contains a specific demand for relief for "[c]ompensatory damages against GEICO for breach of contract in an amount to be proven at trial, including policy benefits for the RV loss, including damages reflected by the $64,362.28 estimate, or such other measure applied under the policy, for an amount under $75,000.01." (Doc. No. 1-2 at 3, 10.) Plaintiffs also demand unspecified "[c]ompensatory, consequential, and punitive damages against" both Defendants. (*Id.*) Plaintiffs' portrayal of their damages as falling below the jurisdictional amount is nondispositive, but it is a relevant factor.

Weighed against Plaintiffs' damages estimate,[9] however, are the facts, claims, and categories of damages demanded in the complaint. As Plaintiffs point out, "the net contractual amount" allegedly due from GEICO to repair the RV "is $63,862.28 after

[9] Plaintiffs argue their demand for damages below the jurisdictional minimum operates as "a binding stipulation that operates much like a settlement offer: it is a formal, lawyer-signed declaration of the maximum Plaintiffs will accept." (Doc. No. 8.) Setting aside the flaws in Plaintiffs' characterization of a settlement demand's nature, no fair reading of the original complaint operates as a binding stipulation limiting Plaintiffs' damages to $75,000.00, nor does the original complaint expressly preclude a jury from awarding more.

application of the $500 deductible."[10] (Doc. No. 33 at 2.) Plaintiffs also seek punitive damages against GEICO and McNicholas for fraudulent misrepresentation, fraudulent suppression, and wantonness. Further, Plaintiffs seek punitive damages against GEICO alone for bad faith refusal to investigate and for bad faith refusal to pay their claim. According to Plaintiffs, Defendants knowingly cancelled their policy without authorization, concealed the policy cancellation until after Plaintiffs made a claim, and falsely represented to Plaintiffs they could pay to retroactively reinstate their policy. Afterward, GEICO refused in bad faith to investigate its own erroneous policy cancellation and refused in bad faith to pay the claim.

To satisfy the jurisdictional minimum, Defendants "need only prove the jurisdictional facts necessary to establish that punitive damages" exceed $11,137.72[11]— "that is, that such damages *could* be awarded." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014) (emphasis in original). If anything, it defies judicial experience and common sense to conclude punitive damages *would not* exceed that amount, if the jury renders a favorable verdict on all Plaintiffs' punitive-damages-eligible claims.[12]

---

[10] Though the complaint makes clear contractual damages are not limited to the RV repair bill (*see* Doc. No. 1-2 at 10), the repair bill is the only compensatory damage reflected on the face of the complaint or specifically identified by either party.

[11] $11,137.72 is the difference between $75,000.00 and Plaintiffs' requested compensatory damages ($63,862.28). In addition to punitive damages, Plaintiffs also seek consequential damages. (Doc. No. 1-2 at 10.) Because punitive damages are sufficient to place the amount in controversy beyond the jurisdictional threshold, the undersigned need not analyze the impact of consequential damages on the total amount in controversy.

[12] Plaintiffs argue:

In Alabama, "the purpose of punitive damages is not to compensate the plaintiff but to punish the wrongdoer and to deter the wrongdoer and others from committing similar wrongs in the future." *Ala. River Grp., Inc. v. Conecuh Timber, Inc.*, 261 So. 3d 226, 271 (Ala. 2017) (citation and quotations omitted). Punitive damages are intended to reflect "an amount that will accomplish society's goals of punishment and deterrence," but no more. *Id.* (citation modified). Here, one would have to "suspend reality [and] shelve common sense" to presume a mere $11,137.72 would sufficiently punish and deter GEICO[13] from the conduct underlying any of Plaintiffs' fraud, wantonness, or bad faith claims against it. *Roe*, 613 F.3d at 1062 (citation modified); *see Pullum v. Ford Motor Co.*, No. 2:19-cv-120-ECM, 2019 WL 2578948, at *2 (M.D. Ala. June 21, 2019) ("[W]hen considering claims for punitive damages against large companies, it is clear that 'any award that is soundly and honestly calculated to punish and deter [a large company's] wanton behavior . . . would

---

> Punitive damages are inherently uncertain. Whether they will be awarded depends on whether the plaintiff proves the underlying tort by clear and convincing evidence, whether defendants' conduct was sufficiently egregious to warrant punitive sanctions, and whether the trier of fact elects to award them.

(Doc. No. 16 at 6.) This argument is a nonstarter. *See S. Fla. Wellness*, 745 F.3d at 1315 (noting that the amount in controversy "is less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation; in other words, *the amount is not discounted by the chance that the plaintiffs will lose on the merits*." (emphasis added; citation modified)); *McDaniel*, 568 F. App'x at 731 ("While a mere conclusory allegation that the jurisdictional amount has been satisfied is insufficient to establish jurisdiction . . . the defendant need not go so far as to prove that the plaintiff is likely to recover damages in such an amount."). Facts Plaintiffs may one day succeed in proving at trial are irrelevant. What counts here is whether the facts and claims asserted in the complaint at the time of removal, if proven, would more likely than not yield a punitive damages award exceeding $11,137.72.

[13] The Court need not consider the import, if any, of potential punitive damages against McNicholas. Potential punitive damages against GEICO alone are sufficient to carry Defendants' burden.

have to be substantial.'" (quoting *Roe v. Michelin N. Am. Inc.*, 637 F. Supp. 2d 995, 998 (M.D. Ala. 2009), *aff'd*, 613 F.3d 1058 (11th Cir. 2013))); *Springhill Hosps., Inc. v. West*, 388 So. 3d 648, 672 (Ala. 2023) (listing factors considered in determining whether punitive damages are excessive, including the reprehensibility of the defendant's conduct, the defendant's financial position, the defendant's profit from its misconduct, the plaintiff's litigation costs, and the disparity between the punitive damages award and the plaintiff's actual or potential harm).

Consequently, the Court finds Defendants have established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Hence, Defendants properly removed this action based on diversity jurisdiction, and Plaintiffs' motion to remand fails.

## VI. CONCLUSION

Accordingly, the motion to remand (Doc. No. 15) is due to be denied. A separate order will issue.

DONE this 2nd day of November, 2026.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE